**John L. GRAY, Petitioner, Appellant (C6–93–262),**

**Sherry Jo Gray, Petitioner, Appellant (CX–93–264),**

v.

**COMMISSIONER OF PUBLIC SAFETY, Respondent.**

Nos. C6–93–262, CX–93–264.

Supreme Court of Minnesota.

June 30, 1994.

Faison T. Sessoms, Jr., Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Jeffrey Bilcik, Sp. Asst. Atty. Gen., St. Paul, for respondent.

## OPINION

COYNE, Justice.

In this case the court of appeals affirmed an order of the district court sustaining the revocation of the driver's licenses of John and Sherry Gray pursuant to the implied consent law, Minn.Stat. § 169.123 (1992). *Gray v. Commissioner of Pub. Safety,* 505 N.W.2d 357 (Minn.App.1993). The Grays, driving separate automobiles, were arrested after being stopped at a sobriety checkpoint in St. Paul.

In *Ascher v. Commissioner of Public Safety,* 519 N.W.2d 183 (Minn.1994), filed herewith, we are holding that police use of a temporary roadblock to stop cars and investigate a large number of drivers in the hope of discovering evidence of alcohol-impaired driv-

ing by some of them violates Minn. Const. art. I, § 10, which we have interpreted as generally requiring that police may not subject a driver to an investigative stop without first having objective, individualized articulable suspicion of criminal wrongdoing by the driver. Our holding in *Ascher* controls the disposition of this appeal. The decision of the court of appeals affirming the district court is therefore reversed.

Reversed.

TOMLJANOVICH, Justice (dissenting).

I respectfully dissent for the reasons set forth in my dissent in *Ascher v. Commissioner of Public Safety,* 519 N.W.2d 183 (Minn. 1994) which is being filed today.

KEITH, Chief Justice (dissenting).

I join in Justice Tomljanovich's dissent.